UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                    Case No.

APPROXIMATELY $35,097.00, A
BROWN 2015 MERCEDES-BENZ
GLA45, AND A HI-POINT, MODEL
CF380, .380 CALIBER
SEMI-AUTOMATIC PISTOL

    Defendant.

## VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

Plaintiff United States of America brings this complaint and alleges upon information and belief, in accordance with Supp'l Rule G(2), Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, as follows:

## NATURE OF THE ACTION

1. This is a civil action *in rem* to forfeit to the United States of America, pursuant to 21 U.S.C. §§ 881(a)(4), (6) and (11): (1) approximately $35,097 seized from Devan Bristol on or about July 19, 2017 (the Defendant Currency); (2) a brown, 2015 Mercedes-Benz GLA45 with Vehicle Identification Number WDDUG8CB3FA098572 (the Defendant Vehicle); and (3) a Hi-Point, model CF380, .380 caliber semi-automatic pistol, Serial

Number P787232 (the Defendant Firearm), (collectively, the Defendant Assets). The Defendant Assets constitute property furnished or intended to be furnished by a person in exchange for a controlled substance, proceeds traceable to such an exchange, or property intended to be used to facilitate a federal controlled substance offense.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over an action commenced by the United States by virtue of 28 U.S.C. § 1345, and over an action for forfeiture by virtue of 28 U.S.C. § 1355.

3. This Court has *in rem* jurisdiction over the Defendant Assets pursuant to:

   a. 28 U.S.C. § 1355(b)(1)(A), because pertinent acts or omissions giving rise to the forfeiture occurred in the Middle District of Florida; and

   b. 28 U.S.C. § 1355(b)(1)(B), because venue properly lies in the Middle District of Florida pursuant to 28 U.S.C. § 1395.

4. Venue is proper in the United States District Court for the Middle District of Florida, pursuant to 28 U.S.C. § 1355(b)(1), because the acts or omissions giving rise to the forfeiture occurred in this district.

## THE DEFENDANT *IN REM*

5. The Defendant Assets were seized by the Hernando County Sheriff's Office (HCSO) on or about July 19, 2017, from a residence located in Spring Hill, Florida. Agents of the Drug Enforcement Administration (DEA) took custody of the Defendant Assets on or about May 15, 2018, and they remain in the custody of the United States.

6. As set forth in Supp'l Rule G(3)(b)(i), the Clerk of Court must issue a warrant to arrest the Defendant Funds if they are in the government's possession, custody, or control.[1]

## BASIS FOR FORFEITURE

7. The Defendant Vehicle is subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(4) because it constitutes a vehicle which was used to facilitate the transportation, sale, receipt, possession, or concealment of a controlled substance.

8. The Defendant Currency is subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6) because it constitutes: (1) money

---

[1] In this regard, however, Supp'l Rule G is inconsistent with the current Middle District of Florida Local Admiralty Rule 7.03(b)(1), which requires a judicial officer to first review the verified complaint, and any other case papers, prior to the Clerk issuing the warrant of arrest and/or summons *in rem*.

furnished or intended to be furnished by a person in exchange for a controlled substance in violation of the Controlled Substances Act; (2) proceeds traceable to such an exchange; or (3) money used and intended to be used to facilitate a violation of the Controlled Substances Act.

9. The Defendant Firearm is subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(11) because it was intended to be used to facilitate the sale, receipt, possession or concealment of a controlled substance.

## **FACTS**

10. The facts and circumstances supporting the forfeiture of the Defendant Funds have been provided by DEA Task Force Officer Daniel Rivera, who states as follows.

11. On or about May 1, 2017, a confidential law enforcement informant (CI) informed HCSO that Devan Bristol (Bristol) was a major drug dealer. The CI explained that he had previously purchased narcotics from Bristol and that he had observed large amounts of narcotics and money in Bristol's car on multiple occasions. The CI arranged those transactions by contacting Bristol on his cellular telephone. In response to this tip, HCSO opened an investigation and the following summarizes some of the results of that investigation.

12. On May 2, 2017, Bristol arranged to sell cocaine to a CI. Bristol directed the CI to meet him in a parking lot. Bristol, who was sitting in a gray Chevrolet Malibu bearing Florida license plate #DLCS59, directed the CI to join him in his car. There, Bristol handed the CI a plastic bag containing 5.1 grams of cocaine in exchange for $200. The entire transaction was audio/video recorded.

13. On May 4, 2017, Bristol arranged to sell cocaine to a CI. Bristol directed the CI to meet him at a gas station. Law enforcement officers observed Bristol arrive driving a brown/black Mercedes-Benz bearing Florida license plate #EYLM84 – the Defendant Vehicle. The CI joined Bristol in his car, where Bristol handed the CI a plastic bag containing 4.9 grams of cocaine in exchange for $200. During the deal, Bristol stated to the CI, in substance, that he needed to "clean" a lot of drug money, and he is only "allowed" to buy cars and "play toys." The entire transaction was audio/video recorded.

14. On May 12, 2017, Bristol arranged to sell cocaine to a CI. Bristol, again, directed the CI to meet him at the same gas station as on May 4. Law enforcement officers observed Bristol arrive driving the Defendant Vehicle. Again, the CI joined Bristol in his car, where Bristol handed the CI a

5

plastic bag containing 5.2 grams of cocaine in exchange for $200. The entire transaction was audio/video recorded.

15. On May 24, 2017, Bristol arranged to sell cocaine to a CI. Bristol directed the CI to meet him in the parking lot in front of a certain store. Law enforcement officers observed Bristol arrive driving the same Chevrolet Malibu that he drove to the May 2 transaction. Again, the CI joined Bristol in his car, where Bristol handed the CI a plastic bag containing 5.0 grams of cocaine in exchange for $200. The entire transaction was audio/video recorded.

16. On May 30, 2017, Bristol arranged to sell cocaine to an undercover law enforcement officer ("UC"). Bristol directed the UC to meet him at a residence and then instructed the UC to come inside. The UC observed the same Chevrolet Malibu parked outside the residence. Once inside the residence, the UC observed numerous prepackaged plastic baggies containing marijuana, as well as a digital scale. Bristol handed the UC a plastic bag containing 1.9 grams of cocaine in exchange for $50. The entire transaction was audio/video recorded.

17. On June 14, 2017, Bristol arranged to sell cocaine to the UC. Bristol instructed the UC to meet him at a gas station. Law enforcement

6

officers observed Bristol arrive driving the Defendant Vehicle, the same vehicle that he had used in previous transactions. The UC entered Bristol's car, where he handed the UC a plastic bag containing 2.0 grams of cocaine in exchange for $50. The entire transaction was audio/video recorded.

18. On June 27, 2017, Bristol arranged to sell cocaine to the UC. Bristol instructed the UC to meet him in a parking lot in front of a certain commercial establishment. Law enforcement officers observed Bristol arrive, again driving the Defendant Vehicle. UC entered Bristol's car, where he handed the UC a plastic bag containing 2.3 grams of cocaine in exchange for $80. The entire transaction was audio/video recorded.

19. On July 19, 2017, pursuant to a state search warrant, law enforcement officers with the HCSO entered the residence that Bristol shared with his girlfriend and searched it. Before entering, they observed both the above-described Chevrolet Malibu and the Defendant Vehicle parked outside. As law enforcement officers entered the home, Bristol attempted to flee. Officers saw him exit the master bedroom and try to run through the door in the kitchen, where they apprehended him.

20. Inside the master bedroom, where Bristol's girlfriend confirmed he regularly slept, the officers found and seized a total of 294.71 grams of

crack cocaine and 1,505.06 grams of powder cocaine, as well as approximately 10 kilograms of marijuana. The officers also found four methylenedioxymethamphetamine (MDMA) pills, one gallon of codeine, narcotics packaging paraphernalia, a digital scale, and the Defendant Currency.

21. Specifically, inside the master bedroom closet, officers found one kilogram of cocaine in a green suitcase, a plastic tote container with 22 bags of marijuana totaling 21.8 pounds, a safe with 1.2 pounds of a white powdery substance (cocaine) in a vacuum sealed bag, and eight 16 ounce bottles of promethazine/codeine. On the shelf of the closet where these controlled substances were found, officers also found the Defendant Firearm.

22. Based on my training and experience, I know that drug traffickers routinely maintain structures for the sole purpose of operating a drug stash location in which they can process, package, and distribute illegal narcotics in an attempt to operate out of the sight of local law enforcement. Drug traffickers also typically maintain a firearm in these drug stash locations to protect against competitors robbing them.

23. On October 11, 2017, a grand jury indicted Bristol on seven counts of distributing controlled substances, in violation of 21 U.S.C. §§

851(a)(1) and 841(b)(1(C); one count of possessing controlled substances with the intent to distribute them, in violation of 21 U.S.C. §§ 851(a)(1) and 841(b)(1(A); and one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). *See United States v. Bristol*, Case No. 8:17-cr-487-T-35AAS (M.D. Fla. 2017).[2] On January 17, 2018, Bristol plead guilty to all charges, Counts One through Nine, in an open plea. CR- 27.

24.     On March 19, 2018, the Court entered a Preliminary Order of Forfeiture, forfeiting to the United States all right, title, and interest of Bristol in the Defendant Assets above, pursuant to 21 U.S.C. § 853, 18 U.S.C. § 924(d), and 28 U.S.C. § 2461(c). CR-41. Specifically, the Court found that the Defendant Vehicle and Defendant Currency were used to facilitate Bristol's drug distribution, and that Bristol, a felon, possessed the Defendant Firearm. *Id.* at 1.

25.     On April 18, 2019, the Court sentenced Bristol to 120 months' imprisonment. CR-98. Due to an oversight, however, the Preliminary Order of Forfeiture was neither discussed at sentencing nor included in the

---

[2] References to the criminal case will be denoted with "CR-____" and the appropriate docket number.

Judgment. Therefore, the United States now seeks to forfeit the Defendant Assets civilly.

## **CONCLUSION**

26. As required by Supp'l Rule G(2)(f), the facts set forth herein support a reasonable belief that the government will be able to meet its burden of proof at trial. Specifically, probable cause exists to believe that the Defendant Assets constitute proceeds or are traceable to proceeds of federal controlled substance offenses, were furnished or intended to be furnished in exchange for a controlled substance, or were property intended to be used to facilitate a federal controlled substance offense, in violation of 21 U.S.C. § 801, *et seq.*, and are therefore subject to forfeiture pursuant to 21 U.S.C. §§ 881(a)(4), (6), and (11).

WHEREFORE, pursuant to Supp'l Rule G, Plaintiff United States of America respectfully requests that process of forfeiture be issued against the Defendant Assets; that due notice be given to all interested parties to appear and show cause why the forfeiture should not be decreed; that the Defendant Assets be forfeited to the United States for disposition according to law; and

that the United States have such other and further relief as this case may require.

Dated: May 29, 2019

Respectfully submitted,

MARIA CHAPA LOPEZ
United States Attorney

By: /s/ Suzanne C. Nebesky
SUZANNE C. NEBESKY
Assistant United States Attorney
Fla. Bar No. 59377
400 N. Tampa Street, Suite 3200
Tampa, Florida 33602
Tel:   (813) 274 6000
Fax:   (813) 274 6247
E-mail: Suzanne.nebesky@usdoj.gov

## VERIFICATION

I, Daniel Rivera, hereby verify and declare under penalty of perjury, that I am a Task Force Officer with the Drug Enforcement Administration, and pursuant to 28 U.S.C. § 1746, that I have read the foregoing Verified Complaint for Forfeiture *in Rem* and know the contents thereof, and that the matters contained in the Verified Complaint are true to my own knowledge and belief.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, the Hernando County Sheriff=s Office, information supplied to me by other law enforcement officers, as well as my investigation of this case together with other DEA Special Agents and Task Force Officers.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct.

Executed this 28 day of May, 2019.

                                          _____
Daniel Rivera,
Task Force Officer
Drug Enforcement Agency

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

**DEFENDANTS**

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
               THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1   U.S. Government Plaintiff
- ☐ 2   U.S. Government Defendant
- ☐ 3   Federal Question  *(U.S. Government Not a Party)*
- ☐ 4   Diversity  *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* and One Box for Defendant)

|   | PTF | DEF |   | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| | **PERSONAL INJURY** | **PERSONAL INJURY** | | | |
| ☐ 110 Insurance | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | | | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 340 Marine | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | |
| | | | | ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | | **Other:** | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 446 Amer. w/Disabilities - Other | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1   Original Proceeding
- ☐ 2   Removed from State Court
- ☐ 3   Remanded from Appellate Court
- ☐ 4   Reinstated or Reopened
- ☐ 5   Transferred from Another District *(specify)*
- ☐ 6   Multidistrict Litigation - Transfer
- ☐ 8   Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☐ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE _____  SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b) County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c) Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II. Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III. Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV. Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V. Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket. **PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI. Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553   Brief Description: Unauthorized reception of cable service

**VII. Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII. Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.